UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAY HASHMALL and ELEANOR
HASHMALL,

                    Plaintiffs,         ANSWER

v.                                     Case No.: 08-cv-1283

WEBSTER BANK, N.A.,

                    Defendant.

---

      Defendant, WEBSTER BANK, N.A., (hereinafter "Webster") by and through its attorneys, Goldberg Segalla LLP, for its Answer to Plaintiffs' Amended Verified Complaint ("Plaintiffs' Complaint"), states as follows:

      1.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 1 of Plaintiffs' Complaint.

      2.     Defendant admits the allegations contained in paragraph 2 of Plaintiffs' Complaint.

      3.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 3 of Plaintiffs' Complaint.

      4.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 4 of Plaintiffs' Complaint.

      5.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 5 of Plaintiffs' Complaint.

      6.     Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 6 of Plaintiffs' Complaint.

7. Defendant lacks knowledge or information sufficient to form a belief as to whether Plaintiffs were represented by counsel at closing, and admits the remaining allegations in paragraph 7 of Plaintiffs' Complaint.

8. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 8 of Plaintiffs' Complaint.

9. Defendant admits the allegations contained in paragraph 9 of Plaintiffs' Complaint.

10. Defendant admits that funds were disbursed by Defendant to or for the benefit of Plaintiffs and lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 10 of Plaintiffs' Complaint.

11. Admits the allegations contained in paragraph 11 of Plaintiffs' Complaint.

12. Defendant admits that additional funds were not paid to Plaintiffs, admits that one or more inspections of Plaintiffs' property were performed, and lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 12 of Plaintiffs' Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 13 of Plaintiffs' Complaint.

14. Defendant admits that contact was made with Defendant and that Defendant required Plaintiffs to complete and submit certain documents; denies that Plaintiffs complied with Defendant's requirements, and denies the remaining allegations contained in paragraph 14 of Plaintiffs' Complaint.

15. Defendant admits that Plaintiffs were contractually obligated to complete construction renovations on or before September 17, 2007, and denies the remainder of the allegations contained in paragraph 15 of Plaintiffs' Complaint.

16. Defendant admits that Plaintiffs requested an extension of their construction completion deadline, and lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 16 of Plaintiffs' Complaint.

17. Defendant admits that a one (1) month extension was to be granted upon Plaintiffs' satisfaction of certain conditions precedent, denies that Plaintiffs' ever satisfied such conditions, and denies the remaining allegations contained in paragraph 17 of Plaintiffs' Complaint.

18. Defendant admits that Defendant advanced money towards construction renovations, admits that other additional advances were properly withheld, and denies the remainder of the allegations contained in paragraph 18 of Plaintiffs' Complaint.

19. Defendant admits that Defendant sought an Affidavit signed by Plaintiffs' contractor, and lacks knowledge or information sufficient to form a belief as the remaining allegations contained in paragraph 19 of Plaintiffs' Complaint.

20. Defendant denies the allegations contained in paragraph 20 of Plaintiffs' Complaint.

21. Defendant denies acting in bad-faith, denies that any act or omission by Defendant prevented Plaintiffs from fulfilling their contractual obligations, and lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 21 of Plaintiffs' Complaint.

22. Defendant lacks knowledge or information sufficient to form a belief as to any agreements reached between Plaintiffs and Hudson Valley Bank, and denies the remainder of the allegations contained in paragraph 22 of Plaintiffs' Complaint.

23. Defendant admits that Plaintiffs were in default of the terms of their construction loan for failure to complete their construction project by September 17, 2007, and denies the remainder of the allegations contained in paragraph 23 of Plaintiffs' Complaint.

24. Defendant admits that Plaintiffs requested that Defendant assign its mortgage dated March 26, 2007 to Hudson, and lacks knowledge or information sufficient to form a belief as to the remainder of the allegations contained in paragraph 24 of Plaintiffs' Complaint.

25. Defendant admits that some monthly payments were made, and denies the remainder of the allegations contained in paragraph 25 of Plaintiffs' Complaint.

26. Defendant denies that the Defendant refused provide an assignment to Hudson, admits that a payoff letter was submitted requiring a fee that was allowed by Plaintiffs' contract with Defendant, denies any unconscionable behavior by Defendant, and lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in paragraph 26 of Plaintiffs' Complaint.

27. Defendant lacks knowledge or information sufficient to form a belief as to the allegations contained in paragraph 27 of Plaintiffs' Complaint.

28. In response to the allegations in paragraph 28 of Plaintiffs' Complaint, Defendant repeats and realleges each and every earlier response as if more fully set forth herein.

29.     Defendant denies the allegations contained in paragraph 29 of Plaintiffs' Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiffs' Complaint.

31.     In response to the allegations in paragraph 31 of Plaintiffs' Complaint, Defendant repeats and realleges each and every earlier response as if more fully set forth herein.

32.     Defendant admits that a fee was sought in a manner consistent with Plaintiffs' contractual obligations, and denies the remaining allegations contained in paragraph 32 of Plaintiffs' Complaint.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiffs' Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiffs' Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of Plaintiffs' Complaint.

36.     In response to the allegations in paragraph 36 of Plaintiffs' Complaint, Defendant repeats and realleges each and every earlier response as if more fully set forth herein.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiffs' Complaint.

38. Defendant admits that its actions were at all times consistent with and within its rights under its contractual agreement with Plaintiffs, and denies the remaining allegations contained in paragraph 38 of Plaintiffs' Complaint.

39. Defendant denies the allegations contained in paragraph 39 of Plaintiffs' Complaint.

40. Defendant denies the allegations contained in paragraph 40 of Plaintiffs' Complaint.

41. In response to the allegations in paragraph 41 of Plaintiffs' Complaint, Defendant repeats and realleges each and every earlier response as if more fully set forth herein.

42. Defendant denies the allegations contained in paragraph 42 of Plaintiffs' Complaint.

43. Defendant denies each and every other allegation contained in Plaintiffs' Complaint that was not specifically admitted.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

44. Plaintiffs have breached their contractual agreement with Defendant by failing to give the contractually required pre-suit notice.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

45. Plaintiffs have unclean hands and must be barred from any equitable recovery.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

46. Defendant has, at all times, acted in accordance with the contractual agreements between the parties.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

47.   Plaintiffs agreed to be "solely responsible for the progress and quality of construction" and their failure to complete construction by the completion deadline, for whatever reason and for any related expense occasioned thereby, affords no recourse against Defendant.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

48.   Plaintiffs' Complaint fails to state a cause of action upon which relief can be granted.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

49.   A valid and enforceable contract exists between the parties, governs their respective rights and responsibilities, and precludes the granting of any equitable relief.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

50.   One or more Plaintiffs lack standing.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

51.   Plaintiffs lack any basis to recover punitive damages.

### AS AND FOR A NINETH AFFIRMATIVE DEFNSE

52.   Plaintiffs lack a viable private cause of action under Section 598 of the Banking Law.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

53.   Defendant lacks any obligation—whether contractual or statutory—to assign Plaintiffs' mortgage.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

54. Upon information and belief, service of process upon Defendant was defective.

## AS AN FOR A TWELFTH AFFIRMATIVE DEFENSE

55. Upon information and belief, Plaintiffs lack any valid basis in law or fact to support their claims against Defendant in this action, such claims are frivolous, and Defendant has apparently been named as a defendant solely to harass, annoy, or maliciously injure it.

56. Upon information and belief, Plaintiffs' commencement and continuation of this action against Defendant entitles Defendant to recover, *inter alia*, costs and attorneys' fees incurred in its defense pursuant to Rule 11 of the Federal Rules of Civil Procedure.

Dated: February 14, 2008

                            GOLDBERG SEGALLA, LLP

                            /s/   Jeffrey A. Carlino
                            Jeffrey A. Carlino
                            Attorneys for Defendant
                            665 Main Street, Suite 400
                            Buffalo, New York 14203
                            (716) 566-5405
                            jcarlino@goldbergsegalla.com

TO:   Michael S. Bank, Esq.
        Bank, Sheer, Seymour & Hashmall
        Attorney for Plaintiffs
        399 Knollwood Road, Suite 220
        White Plains, New York 10603

368175.1

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAY HASHMALL and ELEANOR HASHMALL,

                Plaintiffs,

                                 Case No.:

v.

WEBSTER BANK, N.A.,

                Defendant.

---

### CERTIFICATE OF SERVICE

    I hereby certify that on February 14, 2008, I electronically filed the foregoing *Answer* with the Clerk of the United States District Court, Southern District of New York using the CM/ECF system CM/ECF system which sent notification of such filing to the following:

                Michael S. Bank, Esq.
            Bank, Sheer, Seymour & Hashmall
            399 Knollwood Road, Suite 220
            White Plains, New York 10603


DATED:  Buffalo, New York
             February 14, 2008

                                      GOLDBERG SEGALLA, LLP


                                      /s/ <u>Jeffrey A. Carlino</u>
                                      Jeffrey A. Carlino
                                      Attorneys for Defendant
                                      665 Main Street, Suite 400
                                      Buffalo, New York 14203
                                      (716) 566-5405
                                      jcarlino@goldbergsegalla.com